**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Sheryl Harley, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Comenity LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Sheryl Harley, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.     The Plaintiff, Sheryl Harley ("Plaintiff"), is an adult individual residing in Schaumburg, Illinois, and is a "person" as defined by 47 U.S.C. § 153(10).

4.     The Defendant, Comenity LLC ("Comenity"), is a Ohio business entity with an address of 1300 East Ninth Street, Cleveland, Ohio 44114, and is a "person" as defined by 47 U.S.C. § 153(10).

5.     Does 1-10 (the "Agents") are individual agents employed by Comenity and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6.      Comenity at all times acted by and through one or more of the Agents.

## FACTS

7.      Within the last four years, since January 2013, Comenity contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

8.      At all times mentioned herein, Comenity contacted Plaintiff on her cellular telephone, number 224-xxx-3100, using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

9.      When Plaintiff answered calls from Comenity, she would hear a prerecorded message instructing her to stay on the line, until she cold be connected to a live representative.

10.     Upon information and belief, Plaintiff never provided her cellular telephone number to Comenity, and never provided Comenity with prior express permission to place Robocalls to her cellular phone.

11.     Frustrated with the frequency of the calls, during a conversation with a live representative that took place on or about January 9, 2014, Plaintiff requested that Comenity cease calling her cellular phone attempting to collect.

12.     Despite Plaintiff's request, Comenity continued to harass Plaintiff with calls to her cell phone at a rate of over twenty calls since her original demand for the calls to cease. The excessive calls placed by Comenity caused Plaintiff significant annoyance and inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last four years, Defendants called

Plaintiff on her cellular telephone using an ATDS and/or by using a prerecorded or artificial voice.

15.     If Defendants had consent to contact Plaintiff on her cell phone, Plaintiff effectively revoked her consent to be so contacted by Defendants by her demand to cease calling her cellular telephone.

16.     Defendants continued to place automated calls to Plaintiff's cellular telephone using a prerecorded voice knowing that it lacked consent to call her number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

20.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiffs is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

<u>COUNT II</u>
<u>INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS</u>

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

24.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

25.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

26.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

27.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

28.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

29.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

4

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 7, 2014

Respectfully submitted,

By _/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff